**Modesto Cotto TORRES, Petitioner,**

v.

**Gerardo DELGADO, Warden, Penitentiary Commonwealth of Puerto Rico, Respondent.**

Civ. No. 471–66.

United States District Court
D. Puerto Rico.

Nov. 8, 1966.

Charles H. Juliá, San Juan, P. R., for petitioner.

Charles E. Figueroa, Department of Jusitce, Commonwealth of Puerto Rico, San Juan, P. R., for respondent.

## ORDER

RUIZ-NAZARIO, Chief Judge.

The only question before the Court in this Habeas Corpus proceeding is that the prosecutor, at petitioner's jury trial before a Commonwealth Court, commented adversely about petitioner's failure to testify at said trial, which he claims was a plain violation of the federal privilege against compulsory self-incrimination, allegedly because such comment "cuts down on the privilege by making its assertion costly", as held in Griffin v. State of California, 380 U.S. 609, 614, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106.

In Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 in which the there petitioner invoked the rule of Griffin v. State of California, supra, the Court refused to apply the decision of the latter case retroactively, because "[a]ll avenues of direct review of the respondent's conviction were thus fully foreclosed more than a year before our decision in Malloy v. Hogan [378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653], supra, and almost two years before our decision in Griffin v. State of California, supra."

From the record of this case it appears, beyond discussion, that all the avenues that petitioner had for the direct review of his conviction were fully foreclosed to him since on or about July 28, 1963, one year and nine months prior to April 28, 1965, date on which the Supreme Court decided Griffin v. State of California, supra.

Therefore, respondent's request that the petition for a Writ of Habeas Corpus

be dismissed, and this Court's Order to Show Cause issued thereunder be vacated, are hereby granted.

Judgment dismissing this action must be entered.